(June 26, 2001)

■ In the Matter of the DISTRICT ATTORNEY OF NEW YORK COUNTY et al., Appellants. DENNIS S., Respondent. [728 NYS2d 136] —Order of conditions, Supreme Court, New York County

(Brenda Soloff, J.), entered on or about August 4, 2000, setting forth, pursuant to CPL 330.20, the conditions upon which defendant-respondent Dennis S. is to be released from inpatient psychiatric care, unanimously affirmed.

Respondent was found not guilty by reason of insanity of charges filed against him following his commission of homicide in 1980. He has, since then, been hospitalized at various psychiatric facilities. Since 1989 he has been hospitalized at Middletown Psychiatric Center, a non-secure inpatient facility, and has been gradually accorded furlough privileges to the point where he has been living in the community, spending only one out of every 14 nights in the hospital. He has successfully participated in this furlough program since 1994 and, according to psychiatrists testifying on his behalf, no longer displays symptoms of paranoid schizophrenia.

Criminal Term's determination to order respondent's release from inpatient hospitalization has not been appealed and, accordingly, is not here at issue. Appellants' challenge is rather confined to the order issued by Criminal Term pursuant to CPL 330.20 (12) setting forth the conditions upon which respondent's release is to be premised. Both appellants maintain that the conditions set by the court intrude upon the prerogative of the Office of Mental Health to supervise respondent's conditional release. Neither the governing statute nor the challenged order itself, however, lends support to this argument. Although the Office of Mental Health is responsible for seeing that an order of conditions issued pursuant to CPL 330.20 is complied with (CPL 330.20 [12]), the statute vests ultimate authority with the court, and not the Office of Mental Health, to determine what conditions must be complied with. Indeed, CPL 330.20 (12) vests broad discretion in the court to fashion an order of conditions including any conditions, in addition to those prescribed by the statute, that it determines are reasonably necessary and appropriate. There has been no showing that the conditions fashioned by Criminal Term in this case constitute an improvident exercise of discretion, either with respect to the level of supervision to which respondent is to be subject or with respect to the Office of Mental Health's capacity to monitor respondent's compliance with his treatment plan and other provisos set forth in the order of conditions. We note that the conditions set by Criminal Term in the subject order of conditions are considerably more restrictive than those under which respondent has been living while participating in the furlough program.

The District Attorney's argument that the subject order of

conditions was issued in a procedurally defective manner is not preserved for appellate review (*see*, CPLR 5501 [a] [3]; *Kolmer-Marcus, Inc. v Winer*, 32 AD2d 763, *affd* 26 NY2d 795). Were we to reach the argument, however, we would find it to be without merit since CPL 330.20 does not require a separate hearing as to the contents of an order of conditions or that an order of conditions be issued in the presence of the party subject thereto so as to facilitate contempt proceedings in the event of noncompliance. Resort to the contempt power to coerce compliance or effectively address noncompliance with a CPL 330.20 order of conditions is, in any event, plainly unnecessary (*see*, CPL 330.20 [14]; *see also*, Mental Hygiene Law §§ 9.37, 9.39, 9.40, 9.43).

Finally, the order of conditions does not divest the Commissioner of the authority vested in him/her by either the statute or the regulations. The conditions merely allow the treatment team, *inter alia*, the discretion to increase or decrease the frequency of certain therapeutic sessions. His treatment team will continue to monitor respondent's condition and, should any issues arise, report such matters to the Director of Forensic Services, who would then, by authority of the Commissioner, take the appropriate action regarding the status of respondent (CPL 330.20 [14]). The order of conditions, itself, provides for modification of the conditions themselves. Thus, the Commissioner is able to exercise his statutory and regulatory authority to insure proper treatment as well as to protect public safety. Concur—Sullivan, P. J., Ellerin, Wallach, Rubin and Buckley, JJ.